*731 SILVERMAN, Circuit Judge,
concurring in part and dissenting in part:
As for the malicious prosecution counts, I would hold that Westwood came forward with sufficient facts to survive summary judgment on the issue of whether there was probable cause to arrest her for obstruction. Here, the facts are disputed. If Westwood’s version is believed, West-wood did nothing more than talk to the police officer at the front door of her establishment. She did not block his entrance; she was not asked to move out of the way; she did not obstruct his view of the interior; she did nothing illegal. She acknowledges that she speaks with her hands as she talks, but ordinary gesticulation is no crime. To be sure, the officer has a different version of the event, but taking the facts in the light most favorable to Westwood, Suzuki Motor Corp. v. Consumers Union of U.S., 330 F.3d 1110, 1131-32 (9th Cir.2003), there was no probable cause to arrest her. A jury must decide what actually happened.
I agree with the majority that there was insufficient evidence to overcome the presumption of prosecutorial independence as to the federal malicious prosecution claim under Section 1983. However, with respect to the state malicious prosecution claim, the lower court decided this question in Appellants’ favor under Oregon law, and there is no cross-appeal before us. Accordingly, I would affirm the grant of summary judgment as to the federal malicious prosecution claim, but reverse as to the state malicious prosecution claim. In all other respects, I concur with the majority.